# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | | |
|---|---|---|
| BRIAN STEPHEN KIRABIRA, | ) | |
| A89-319-256, | ) | |
|     Petitioner, | ) | |
| | ) | |
| v. | ) | 3:08-CV-0921-M |
| | ) | |
| MICHAEL MUKASEY, et al., | ) | |
|     Respondents. | ) | |

## FINDINGS, CONCLUSIONS AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to the provisions of 28 U.S.C. §636(b), and an order of the District Court in implementation thereof, this case has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge are as follows:

FINDINGS AND CONCLUSIONS:

Type of Case: This is a *pro se* petition for habeas corpus relief filed by a detainee of the Bureau of Immigration Customs Enforcement (ICE) pursuant to 28 U.S.C. § 2241, et seq.

Parties: Petitioner is presently confined at the Rolling Plains Detention Center in Haskell, Texas. Respondents are Attorney General Michael Mukasey, Secretary of the Department of Homeland Security Michael Chertoff, ICE Field Office Director Nuria Prendes, and the Warden of the Randall County Jail. The court issued process in this case.

Statement of the Case: Petitioner, an Uganda national subject to a final order of removal for overstaying his visitor visa, filed this petition on May 30, 2008, seeking release from ICE's custody pending his removal. He argued that the presumptively-reasonable six-month period to effect his removal under *Zadvydas v. Davis*, 533 U.S. 678, 121 S. Ct. 2491 (2001), had expired, and that there was no significant likelihood that Respondents would be able to remove him in the

foreseeable future.

On June 11, 2008, Respondents last attempted to remove Petitioner. However, due to Petitioner's disruptive behavior – i.e., collapsing to the floor and refusing to move – the flight crew did not permit him to board the plane.

On July 31, 2008, ICE issued a notice of Failure to Comply Pursuant to 8 C.F.R. § 241.4(g), informing Petitioner that he had acted to prevent his removal from the United States, that the removal period was extended under Section 241(a)(1)(C) of the Immigration and Nationality Act, and that he will remain in ICE custody until he demonstrates that he is "making reasonable efforts to comply with the order of removal, and that . . . [he is] cooperating with ICE's efforts to remove" him. *See* Respondents' Appx. at 29, "Notice of Failure to Comply Pursuant to 8 CFR 241.4(g).

In response to the court's order to show cause, Respondents filed a response contending that Petitioner's own conduct delayed efforts to remove him and, thus, that his petition should be denied. Petitioner filed a reply objecting to Respondents' assertions.[1]

<u>Findings and Conclusions</u>: Insofar as Petitioner seeks release under *Zadvydas*, his claim is moot. Respondents are detaining Petitioner under 8 U.S.C. § 1231(a)(1)(C), not 8 U.S.C. § 1231(a)(6) which was at issue in *Zadvydas*. Section 1231(a)(1)(C) provides that "[t]he removal

---

[1] Prior to filing this action, Petitioner twice sought habeas relief from his post-removal detention under *Zadvydas*. The first action was dismissed as premature. *Kirabira v. ICE*, 2:08cv031 (N.D. Tex., Amarillo Div., Apr. 1, 2008). Although the magistrate judge recommended that the second action also be dismissed as premature, the court recently issued process. *Kirabira v. ICE*, 2:08cv082 (N.D. Tex., Amarillo Div.). On October 24, 2008, ICE filed a motion to consolidate the Amarillo case with the instant action because the claims at issue are identical. As of the filing of this recommendation, no ruling has been issued on the motion to consolidate.

period shall be extended beyond a period of 90 days and the alien may remain in detention during such extended period if the alien fails or refuses to make timely application in good faith for travel or other documents necessary to the alien's departure or conspires *or acts to prevent the alien's removal subject to an order of removal*." (Emphasis added).

In a *Zadvydas* type case, the removal is obstructed by circumstances beyond the control of the alien. In a § 1231(a)(1)(C) case, while removal is foreseeable, it is blocked as a result of an obstacle created by the alien. The removal period is thus extended because the alien's conduct caused the non-removal. *See Gul v. Rozos,* 163 Fed. Appx. 317, 319 (5th Cir. 2006) (noting that the alien "hampered his own removal ... thereby extending the removal period ..."). In essence, in a case under § 1231(a)(1)(C), the removal period has not yet expired, and the issue of indefinite post-removal detention under *Zadvydas* is not before the court. *See Liu v. Chertoff*, 2006 WL 4511941, *3-4 (W.D. Tex. 2006). Therefore, insofar as Petitioner requests habeas relief under *Zadvydas*, his petition should be denied.

To the extent Petitioner seeks habeas relief as a result of his detention under § 1231(a)(1)(C), his claim fares no better. Under that section, the court must determine whether petitioner acted in a manner which hindered or prevented his removal so that the six-month presumptively reasonable period of time for removal set forth in *Zadvydas* should be tolled.

An alien detained under § 1231(a)(6) has the duty to act in good faith, and where the alien fails, the government is to issue a Notice of Failure to Comply. *See* 8 C.F.R. § 241.4(g)(1)(ii). Upon receipt of the Notice, the alien bears the burden to show that he has complied with the regulations. 8 C.F.R. § 241.4(g)(1)(ii).

The court is not satisfied that Petitioner acted in good faith on June 11, 2008, when ICE

3

last attempted to remove him. In making this determination, the court has reviewed the declarations of Deportation Officers Gilbert DelaCruz and Gerald R. Hutt, Jr., who were assigned to escort Kirabira from the United States to Uganda to effect his removal on June 11, 2008, (*see* Respondents' Appendix at 21-24, and 25-28), and Petitioner's objections to the Officers' statements (submitted under penalty of perjury). (*See* Petitioner's Objections to Officers Declarations at 6-11).

Petitioner relies on his "medical problems" as the sole reason why he was physically unable to board the flight with the deportation officers on June 11, 2008. (*See* Petitioner's Objection to Officers DelaCruz and Hut's declarations, attached to Petitioner's appendix, at 7-8). He explains that his legs gave out and he dropped to the ground because he was extremely sick and weak as a result of the officers alleged failure to provide him adequate medical care and nutritious food. (*Id.*).

Even assuming the truth of the above allegations, the court must take into consideration Petitioner's conduct preceding as well as following his collapse while boarding the plane. Kirabira does not dispute the deportation officers' statements that he sat/slept quietly for about two hours waiting to board the flight. (DelaCruz's Declaration at 2, and Hutt's Declaration at 26). Nor does he dispute Officer Hutt's statements that, after collapsing to the ground, he sat up, turned his head and told the flight attendant that he was sick. Kirabira then removed a medical report from his pocket, and handed it to the flight attendant. When the flight attendant handed the medical report back to Hutt, "Kirabira suddenly lunged forward and attempted to take the medical report from [his] hand." (Hutt's declaration at 27). Kirabira's "grip was strong and [Hutt] had to physically pull the form from his hand." (*Id.*). Moreover, it is noteworthy that

4

from the time Kirabira was removed from the plane until he was booked into the Euless City Jail (approximately two hours), that he did not request medical attention, did not appear to be in pain or distress, and that he walked normally without any assistance. (DelaCruz's Declaration at 24, and Hutt's Declaration at 28).

Based on the foregoing, the District Court should find that Petitioner hindered and/or prevented his June 11, 2008 removal, and therefore, that he cannot complain about the delay in effecting his removal. *Cf. Lema v. Immigration & Naturalization Serv.*, 341 F.3d 853, 857 (9th Cir.2003) ("We conclude that 8 U.S.C. § 1231(a)(1)(C), interpreted mindful of the concerns underlying *Zadvydas* and *Pelich*, authorizes the INS's continued detention of a removable alien so long as the alien fails to cooperate fully and honestly with officials to obtain travel documents."); *Pelich v. INS*, 329 F.3d 1057, 1060 (9th Cir. 2003) ("The risk of indefinite detention that motivated the Supreme Court's statutory interpretation in *Zadvydas* does not exist when an alien is the cause of his own detention. Unlike the aliens in Zadvydas, Pelich has the 'keys [to his freedom] in his pocket' and could likely effectuate his removal by providing the information requested by the INS."); *Candela v. Gonzales*, 2007 WL 1834891, *3 (S.D. Ala. 2007) ("The evidence shows that Candela has obstructed the removal process and that his actions have led to his continued detention. As such, Petitioner cannot prove that 'there is no significant likelihood of removal in the reasonably foreseeable future.' ... Candela's continued detention is not improper under 8 U.S.C. § 1231(a)(1)(C).").

RECOMMENDATION:

For the foregoing reasons, it is recommended that the petition for a writ of habeas corpus be DENIED, and that Petitioner's motions to subpoena documents and to order his release from

confinement be DENIED.

A copy of this recommendation will be transmitted to Petitioner and counsel for Respondents.

Signed this 28th day of October, 2008.

_____
WM. F. SANDERSON, JR.
UNITED STATES MAGISTRATE JUDGE

NOTICE

In the event that you wish to object to this recommendation, you are hereby notified that you must file your written objections within ten days after being served with a copy of this recommendation. Pursuant to *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (*en banc*), a party's failure to file written objections to these proposed findings of fact and conclusions of law within such ten-day period may bar a *de novo* determination by the district judge of any finding of fact or conclusion of law and shall bar such party, except upon grounds of plain error, from attacking on appeal the unobjected to proposed findings of fact and conclusions of law accepted by the district court.